UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-24762-CIV-WILLIAMS

GERARDO BACA,

    Plaintiff,

vs.

BUILDING UNLIMITED, INC., et al.,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court upon a *sua sponte* examination of the record. Based on a review of the complaint, the Court finds that Plaintiff fails to allege any specific facts relating to the nature of Plaintiff's work as a roofer or that work's connection to interstate commerce. Plaintiff's allegations with respect to this element are simply legal conclusions and a formulaic recitation of the second element of an FLSA claim.[1] While Plaintiff need not provide overly-detailed factual allegations, Plaintiff should include allegations relating to the nature of his work and provide straightforward factual allegations connecting that work to interstate commerce and Defendant's business. It is insufficient to allege in conclusory fashion that "the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work

---

[1] To state a claim for failure to pay minimum or overtime wages under the FLSA, a plaintiff must allege sufficient facts showing that (1) he is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay him minimum or overtime wages. *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942-43 (11th Cir. 2012).

for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants." (DE 1 ¶ 10). Accordingly, the complaint[2] (DE 1) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall file an amended complaint consistent with this order no later than **January 8th, 2016**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this ___ day of January, 2016.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Plaintiff's attorneys have again incorrectly quoted the statutory provision at issue. See *Ramirez v. Pinnacle A Roofing Co.*, No. 15-cv-22208, at 5 (S.D. Fla. Aug. 12, 2015); *Hernandez v. United Ship Service Corp.*, No. 15-cv-24383, at 2 n.2 (S.D. Fla. Nov. 30, 2015).