UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-24762-CIV-WILLIAMS

GERARDO BACA and all others similarly )
situated under 29 U.S.C. 216(b),       )
                                       )
                  Plaintiff,           )
        vs.                            )
                                       )
                                       )
BUILDING UNLIMITED, INC.,              )
MIGUEL A GARCIA,                       )
                                       )
                  Defendants.          )
_____ )


## FIRST AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME AND MINIMUM WAGE VIOLATIONS

Plaintiff, GERARDO BACA on behalf of himself and all others similarly situated under 29

U.S.C. 216(b), through undersigned counsel, files this First Amended Complaint against

Defendants, BUILDING UNLIMITED, INC., and MIGUEL A. GARCIA, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant BUILDING UNLIMITED, INC., is a corporation that regularly transacts

   business within Dade County. Upon information and belief, the Defendant Corporation was

   the FLSA employer for Plaintiff's respective period of employment ("the relevant time

   period").

4. The individual Defendant MIGUEL A GARCIA is a corporate officer and/or owner and/or

   manager of the Defendant Corporation who ran the day-to-day operations of the Corporate

   Defendant for the relevant time period and was responsible for paying Plaintiff's wages for

   the relevant time period and controlled Plaintiff's work and schedule and was therefore

Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.


## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States.  This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff worked for Defendants as a roofer from on or about July 26, 2015 through November 28, 2015.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate

commerce for the relevant time period because the materials and goods, as set forth more fully below, that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants. Specifically, at this time, Plaintiff will further explore enterprise coverage in light of paragraphs #10-14. However, Plaintiff reserves the right to argue individual coverage should discovery justify same as further information is gathered regarding Defendants' customers.

11. Plaintiff worked as a roofer repairing and installing roofs as part of a crew of approximately 4-5 employees. Plaintiff and the other employees on a constant and/or continual basis utilized/operated equipment and handled supplies such as ladders, glue, ply-wood, nail guns, asphalt, gravel, shingles, shovels, hammers, and fascia (wooden boards or other flat pieces of material that cover the ends of rafters). Under information and belief, the asphalt Plaintiff and the other employees on a constant and/or continual basis was purchased from and/or manufactured in Venezuela. Further, under information and belief, the nail guns Plaintiff and the other employees on a constant and/or continual basis was purchased from and/or manufactured in China. Plaintiff and the other employees' job duties included, without limitation, inspecting shingles, laying down roofing tiles, removing old roofs and installing and/or replacing shingles, asphalt, metal, and other such materials. Plaintiff will need to conduct further discovery and depose Defendants' suppliers *duces tecum* regarding where Defendants' equipment and supplies (i.e. ladders, glue, ply-wood, nail guns, asphalt, gravel, shingles, shovels, hammers, and fascia, etc.) are purchased and manufactured.

12. Additionally, Defendants regularly employed approximately 4-5 employees to work on the same crew as Plaintiff for the relevant statutory time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Financial information is usually to be found in employer's hands: not ordinarily within a lower-level worker's knowledge who performed manual labor. *See, Pizza Zone Italian Grill & Sports Bar, Inc. supra*. Plaintiff needs discovery to address the FLSA monetary threshold to establish a factual record that can be presented to the Court and/or Jury. While Plaintiff needs to conduct depositions and obtain, *inter alia,* financial information including Tax Returns, Bank Statements, and all contracts to sell during the relevant years,[1] notwithstanding this, upon information and belief, Defendants' had a regular steam of business and the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the year 2014.

14. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $375,000 for the first nine months of the year 2015 and is expected to exceed $500,000 for the year 2015.

15. Between the period of on or about July 26, 2015 through November 28, 2015, except for the last week, Plaintiff worked an average of 66 hours a week for Defendants and was paid an average of $11.82 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore

---

[1] See, *Wirtz v. Savannah Bank & Trust Co*., 5 Cir., 362 F.2d 857." *Wirtz v. First Nat'l Bank & Trust Co*., 365 F.2d 641 (10th Cir. 1966). Review of 29 U.S.C. Section 203(k) and related case law make it clear Plaintiffs need access to all of Defendants' contracts from the relevant period even if Defendants' customers defaulted on them; unless Defendants will stipulate that the $500,000 threshold is met.

claims the half time overtime rate for each hour worked above 40 in a week.

16. For the last week between the period of on or about July 26, 2015 through November 28, 2015, Plaintiff worked an average of 66 hours a week for Defendants and was never paid anything at all for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week.

17. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.


Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-16 above and further states:

17. 29 U.S.C. § 206 (a) (1) (A) states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: except as otherwise provided in this section, not less than—$5.85 an hour…" On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

18. For half of the second to last week between the period of on or about July 26, 2015 through November 28, 2015, Plaintiff worked an average of 33 hours for Defendants. Plaintiff was never paid anything at all for said work in violation of the Fair Labor Standards Act as said payment of $0.00/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $0.00/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

19. For the last week between the period of on or about July 26, 2015 through November 28, 2015, Plaintiff worked an average of 66 hours a week for the Defendants. Plaintiff was never paid anything at all for said work in violation of the Fair Labor Standards Act as said payment of $0.00/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $0.00/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

20. The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

21. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

**7** of **8**

By:__/s/ J.H. Zidell_____
J.H. Zidell, Esq.
Florida Bar Number: 0010121